TWENTIETH CENTURY-FOX FILM CORPORATION, APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Twentieth Century-Fox Film Corp. *v.* Lindley (1982), 2 Ohio St. 3d 54.]

(No. 82-155—Decided December 15, 1982.)

*Messrs. Jones, Day, Reavis & Pogue, Mr. Robert J. Kosydar* and *Mr. James R. King,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Mark Engel,* for appellant.

*Per Curiam.* The dispositive issue in this case is whether the income generated from the licensing of film prints by appellee can be characterized as net rents or royalties from tangible personal property, or as income from use of an intangible for the purposes of the Ohio franchise tax.

The assessment levied in this cause involves income which appellee receives from exhibitors and theater owners. Appellee's motion picture productions result in a master negative from which positive prints are produced. The positive prints, upon which appellee has obtained copyright protection, are then leased to theaters for a specified length of time in exchange for a percentage of the theater's revenues.

Appellant Tax Commissioner contends that the income appellee derives from the film exhibitors should be classified as "[n]et rents and royalties from tangible personal property" in accordance with R.C. 5733.051(A)(2). We do not agree.

The crucial inquiry becomes, what are the film exhibitors paying for in these agreements with the appellee? We think the answer is clear. The exhibitors are paying for the right to exhibit the films publicly. This right is an intangible right protected by copyright. The positive print given to the exhibitors under their licensing agreements with appellee is of no value, unless that print is accompanied by a right to display the film publicly for profit.

Arguably, the transfer of the print itself is a transfer of tangible personal property, but as was brought out in the record below, the relative value of the positive print is *de minimis* when compared to the copyright privilege conveyed in the instant transactions. See *Misbourne Pictures Ltd.* v. *Johnson* (C.A. 2, 1951), 189 F.2d 774. The true object of the transactions in question is the lease of part of the copyright in which a film is protected.

In order to resolve the issue, the Board of Tax Appeals resorted to federal copyright statutes.[1] Upon carefully reviewing these statutes, the board reasoned that the taxpayer "* * * is transferring the right to 'display' or 'perform' the motion picture to the public * * *" and that "[t]he exhibitor is not paying for the positive print, a copy of the copyrighted work, but is

---

[1] See Sections 102(a)(6), 106, 201(d) and 202, Title 17, U.S. Code.

paying for the images seen and the sound heard by the movie-going audience.''

In the instant case, appellee's rental fees would have been allocable under R.C. 5733.051(A)(7) as having been derived from patent and copyright royalties, but for the fact that well over ninety percent of appellee's gross receipts in Ohio is derived therefrom. Thus, in accordance with R.C. 5733.051(A)(8), the three-factor formula found in R.C. 5733.05(B) was properly used by appellee when it originally calculated its 1975 franchise tax liability.

Accordingly, we find the decision of the Board of Tax Appeals to be neither unreasonable nor unlawful, and it is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.